# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| KARLA M. VILLAREAL, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-1122-R |
| NANCY M. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) |
| Defendant. | ) |

## ORDER

Plaintiff filed this action seeking review of the final decision of the Commissioner denying her disability insurance benefits and benefits for a period of disability. Pursuant to 28 U.S.C. § 636(b)(1)(B) and (C), the matter was referred to United States Magistrate Judge Gary M. Purcell for preliminary review. On May 29, 2018, Judge Purcell issued a Report and Recommendation wherein he recommended the matter be remanded to the Commissioner for further proceedings. (Doc. No. 21). The Commissioner filed a timely objection to the Report and Recommendation (Doc. No. 22) to which Plaintiff has filed a response (Doc. No. 23). The timely objection gives rise to the Court's obligation to undertake a *de novo* review of those portions of the Report and Recommendation to which a party makes specific objection. Having conducted this *de novo* review, the Court finds as follows.

Defendant contends Judge Purcell erred in concluding that the administrative law judge did not properly assess the opinion of Plaintiff's treating physician, Daisy Matias,

M.D. Specifically, Judge Purcell concluded that the Commissioner erred in assessing the September 14, 2016 opinion of Dr. Mattias, wherein she stated:

> Karla has severe Psoriasis complicated by Psoriatic Arthopathy and Fibromyalgia.
> Due to her illness, Karla cannot stand longer than 45 minutes, cannot lift more than one gallon, cannot sit for more than one hour and has trouble making it to the bathroom on time.

Tr. 577. In assessing this opinion of Plaintiff's treating physician, the administrative law judge stated:

> The opinion at Exhibit 16F, from the claimant's treating physician, cannot be given any weight. The opinion is clearly based on the claimant's report to her doctor of her limitations. Furthermore, the doctor makes no attempt to determine what limitations would reasonably result from her conditions.

Tr. 65. Judge Purcell concluded the administrative law judge failed to follow the procedure to analyze the opinion of a treating source, specifically because he failed to consider whether, despite not being entitled to controlling weight, the opinion should be given some weight in light of the factors set forth in the regulations, including the length of the treatment relationship, frequency of examination, the degree to which the opinion of the physician is supported by relevant evidence, consistence between the opinion and the record, and whether the physician offering the opinion is a specialist. Doc. No. 21, pp. 6-7. Judge Purcell concluded that although the administrative law judge summarized Plaintiff's medical records, the summary did not specifically identify which records were those of Dr. Mattias, only mentioning her by name when he rejected her opinion. He thus concluded that the Commissioner's decision was legally insufficient and therefore subject to remand.

The Commissioner cites to Dr. Mattias' normal findings, specifically with regard to gait, skin lesions and strength, during the treatment relationship with Plaintiff and contends that the failure to specifically link the rejection of Dr. Mattias' opinion with her clinical findings in assessing the weight of the opinion does not undercut the conclusion or the methodology. The Court concurs with Judge Purcell's conclusion that the administrative law judge applied the incorrect legal standard in assessing the treating physician's opinion, because he made speculative inferences from medical reports. *McGoffin v. Barnhart*, 288 F.3d 1248, 1252 (10th Cir. 2002). The Tenth Circuit has addressed treating physician analysis similar to that presented here in *Victory v. Barnhart*, 121 Fed.Appx. 819 (10th Cir. Feb. 4, 2005).

Therein the court noted the general standard for assessing the opinion of a treating physician: "even if a treating physician's opinion is not entitled to controlling weight, however, treating source medical opinions are still entitled to deference and must be weighed using all of the factors provided in 20 C.F.R. § 404.1527 and 416.927." *Id.* (internal quotations and citations omitted). If an administrative law judge rejects a treating physician's opinion, the administrative law judge must give specific reasons. Here the administrative law judge gave a specific reason, that the opinion was clearly based on the claimant's report to the doctor of her limitations. "The ALJ's finding that [Dr. Mattias's] opinion was based on claimant's own subjective report of her symptoms impermissibly rests on his speculative unsupported assumption." *Id.* at 823. In *Langley v. Barnhart*, 373 F.3d 1116 (10th Cir. 2004), the court made a similar conclusion, finding that the

3

administrative law judge erred in rejecting an opinion based on speculation that the report was based only on the claimant's subjective conclusion.

Furthermore, although an administrative law judge is not required to specifically cite to each element of the test for weighing expert opinions, here the administrative law judge made no attempt to tie his rejection of Dr. Mattias' opinion to her treatment records. *See also Cook v. Astrue*, 554 F. Supp. 2d 1241, 1246-47 (D. Kan. 2008); *see also Garcia v. Barnhart*, 188 Fed.Appx. 760, 764 (10th Cir. 2006) (unpublished) ("This court has made it clear that when an ALJ rejects a medical opinion...based on his speculation that the doctor was unduly swayed by a patient's subjective complaints, the ALJ deviates from [the] correct legal standards and his decision is not supported by substantial evidence") (citation omitted); *Johnson v. Berryhill*, No. 16-cv-3050-WJM2018 WL 1566838, *5 (D. Colo. Mar. 30, 2018)(rejecting administrative law judge's decision concluding that treatment reports documented subjective complaints as substituting lay opinion and declining to engage in *post hoc* evaluation). In the instant case the administrative law judge did not specifically tie his rejection of the treating physician's opinion to any evidence of record. Although the administrative law judge summarized the evidence, as noted by Judge Purcell, in the summary the administrative law judge did not specifically indicate that Dr. Mattias, who had a long treatment relationship with Plaintiff, was the treating physician. The Court cannot conclude based on the administrative law judge's decision that he engaged in the required assessment of the factors set forth in the regulations before assigning the opinion of Dr. Mattias no weight.

For the reasons set forth herein, the Report and Recommendation is ADOPTED in its ENTIRETY and this action is reversed and remanded for further consideration.

IT IS SO ORDERED this 19th day of June 2018.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE